**Jorge Omar MIER–FIORITO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71195.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 18, 2012.

John K. Vawter, San Diego, CA, for Petitioner.

Jamie M. Dowd, Esquire, OIL, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, DOJ–U.S. Department Of Justice, Washington, DC, Chief Counsel ICE, Office Of The Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jorge Omar Mier–Fiorito, a native and citizen of Argentina, petitions for review of

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mier–Fiorito's motion to reopen as untimely because the motion was filed more than five years after the BIA's October 12, 2004, order dismissing his underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final administrative order), and Mier–Fiorito failed to establish grounds for equitable tolling, *see Avagyan v. Holder,* 646 F.3d 672, 678–80 (equitable tolling available where petitioner is prevented from filing because of deception, fraud, or error, as long as petitioner acts with due diligence in discovering such circumstances).

We lack jurisdiction to review Mier–Fiorito's claim that his voluntary departure order was vacated when he failed to post bond because he did not raise this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**